UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  12-CV-14149-MOORE/LYNCH

DENISE PAYNE, Individually, and
NATIONAL ALLIANCE FOR
ACCESSIBILITY, INC., a Florida
Corporation,

        Plaintiffs,

v.

BIG LOTS STORES, INC.,
a Foreign Corporation,

        Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, BIG LOTS STORES, INC., by and through its undersigned counsel, hereby responds to the Plaintiffs' Complaint, and states as follows:

1.      It is agreed that this Plaintiff has brought such an action for injunctive relief. However, the Defendant denies that there were any violations of Title III of the Americans with Disabilities Act as set forth in 28 U.S.C. §§ 2201 and 2202.

2.      It is agreed that this Court has jurisdiction over the parties and subject matter of the complaint.  However, the Defendant denies that there were any violations of Title III of the Americans with Disabilities Act as set forth in 28 U.S.C. §§ 2201 and 2202.

3.      It is agreed that this Court has jurisdiction over the parties and subject matter of the complaint.  However, the Defendant denies that there were any violations of Title III of the Americans with Disabilities Act as set forth in 28 U.S.C. §§ 2201 and 2202.

4.      Without knowledge, therefore denied.

18680685  0935007

5.      Without knowledge, therefore denied.

6.      Admitted.

7.      Admitted that Defendant leases and/or operates Store #550 located at 818 Highway 27 South, Avon Park, Florida. Denied that Defendant owns the subject store.

8.      Admitted that venue is proper.

9.      Denied.

10.     Denied.

11.     Without knowledge as to Plaintiff, DENISE PAYNE's physical abilities.

12.     Without knowledge as to Plaintiff, PAYNE's residence,  future intent or patronage of the subject store. Without knowledge as to Plaintiff's membership in the organization. Denied that Plaintiff encountered architectural barriers at the Defendant's store.

13.     Denied. The Defendant continues to deny that there is any violation or non-compliance with the American with Disabilities Act as to the premises, its maintenance, accessibility or features.

14.     Denied. The Defendant continues to deny that there is any violation or non-compliance with the American with Disabilities Act as to the premises, its maintenance, accessibility or features.

15.     Admitted that Defendant leases and/or operates Store #550 located at 818 Highway 27 South, Avon Park, Florida, which is accessible to the public.

16.     Denied. The Defendant continues to deny that there is any violation or non-compliance with the American with Disabilities Act as to the premises, its maintenance, accessibility or features.

18680685  0935007

17.     Denied. The Defendant continues to deny that there is any violation or non-compliance with the American with Disabilities Act as to the premises, its maintenance, accessibility or features.

18.     Denied, including all subparts. It continues to be the position of Defendant that there has been no violation of the American with Disabilities Act or any related laws. All requirements under the Americans with Disabilities Act, which are applicable to Defendant, have been fully complied with.

19.     Denied. The Defendant continues to deny that there is any violation or non-compliance with the American with Disabilities Act as to the premises, its maintenance, accessibility or features.

20.     Denied. The Defendant continues to deny that there is any violation or non-compliance with the American with Disabilities Act as to the premises, its maintenance, accessibility or features.

21.     Denied. It continues to be the position of Defendant that there has been no violation of the American with Disabilities Act or any related laws.

22.     To the extent that this is a mere recitation of the law, no response is required. Otherwise, same is Denied. The Defendant continues to deny that there is any violation or non-compliance with the American with Disabilities Act as to the premises, its maintenance, accessibility or features.

23.     Denied.

24.     Denied. The Defendant continues to deny that there is any violation or non-compliance with the American with Disabilities Act as to the premises, its maintenance, accessibility or features.

18680685  0935007

25.     Any allegation that is not specifically admitted herein, is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The subject premises is fully in compliance with the requirements of the ADA and the relevant CFRs.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff, DENISE PAYNE lacks standing to bring suit under Title III, as she lives far from the Defendant's facility, has shown no immediate and no future injury, has no definite plans to return to the facility, and is a serial plaintiff who has filed numerous other disability-related lawsuits throughout Florida.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. lacks associational standing to bring suit under Title III, as an organization, because any finding of an ADA violation requires proof as to each individual claimant and an assessment of what measures Defendant was required to take in order to comply with the ADA as to each individual claimant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. lacks standing to bring suit under Title III, as an organization, because the Complaint is devoid as to allegations of the disabilities suffered by the members of the organization, and how the architectural barriers harmed those members.

18680685  0935007

## FIFTH AFFIRMATIVE DEFENSE

Any barrier removal at the public accommodation identified in Plaintiffs' Complaint, whether at the facility grounds interior and/or exterior was not 'readily achievable' under 42 U.S.C. § 12182(b)(2)(A)(iv) and/or 28 C.F.R. § 36.304.

## SIXTH AFFIRMATIVE DEFENSE

The challenged accommodations identified in Plaintiffs' Complaint do not violate Title III of the Americans with Disabilities Act, in that they allow disabled persons effective access to the place of public accommodation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to demonstrate or suggest any plan of modification and/or accommodation which would be readily achievable, effective, practical, and/or fiscally manageable.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff, DENISE PAYNE's entry onto the place of public accommodation does not automatically confer upon Plaintiff a presumption that she was injured by any architectural barriers therein. Plaintiff's entitlement to relief depends upon a showing that she was in fact injured, or subject to discrimination, as a result of alleged violations.

## NINTH AFFIRMATIVE DEFENSE

The place of public accommodation identified in Plaintiffs' Complaint was built prior to the enacting of Title III of the Americans with Disabilities Act and therefore Plaintiff's allegations of the ADA asserting disability discrimination based upon requested modifications are not readily achievable.

18680685  0935007

## TENTH AFFIRMATIVE DEFENSE

To the extent that there are/were any of the alleged violations at the subject facility, the issues are moot, as Defendant has already undertaken to correct any violations that it is required to correct.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant states that since renovations are bringing the subject property into compliance with any ADA regulations, and Defendant has initiated a systematic plan for the purpose of making its facilities and services available through methods that are readily achievable in compliance with the ADA prior to the commencement of this action, plaintiff is not entitled to receive any attorneys' fees pursuant to *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff, DENISE PAYNE, is not a qualified individual with disabilities under the ADA who attempted and was denied access to the subject property. Nor is DENISE PAYNE a qualified individual with disabilities under the ADA who intends to visit the subject property in the future for the purposes of utilizing the services provided at the subject property.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant has all times acted in good faith with the belief that it has complied with all applicable regulations and statutes.

18680685  0935007

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs never sought to avail themselves of any goods or services on the premises, nor do they intend to do so in the future, rather the only purpose in visiting the premises was to search for alleged violations of the ADA to enable them to maintain this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is not the property owner and has no control over the common areas of the subject property, and, as such, cannot be liable for any alleged ADA violations that are outside of its control.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs come to this Court with unclean hands, and under the circumstances of this case, this limits or bars any recovery that might be had as against Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint, and each cause of action therein, fails to state facts sufficient for recovery of attorneys' fees or other litigation expenses in any amounts whatsoever or at all.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that, to the extent Plaintiffs have suffered any damages as alleged in their Complaint the damages were caused by the negligence, inactions or fault of persons and/or entities other than Defendant. Plaintiffs' right of recovery from Defendant, if any, must be reduced accordingly.

18680685  0935007

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not qualified individuals with disabilities under the ADA who attempted and were denied access to the subject property. Nor are Plaintiffs qualified individuals with disabilities under the ADA who intend to visit the subject property in the future for the purposes of utilizing the services provided at the subject property, and therefore they lack standing to maintain this action under the ADA.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant alleges that pursuant to law and contract, Defendant is not responsible for any access violations, if any there be.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of estoppel, laches and/or waiver.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to provide adequate notice so as to allow Defendant to cure the alleged defects referenced in the Complaint. Moreover, all conditions precedent to filing this lawsuit have not been met.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant hereby reserves its right to assert additional affirmative defenses in the event its discovery indicates they would be appropriate.

18680685  0935007

WHEREFORE, Defendant, BIG LOTS STORES, INC., prays that Plaintiffs take nothing by way of their Complaint and that costs of suit and such other and future relief as deemed appropriate by this Court are awarded in favor of Defendant.

Respectfully submitted,

**HINSHAW & CULBERTSON LLP**

By:   /s/ Julie Schwartz-Karron
Cheryl Wilke
Florida Bar No. 893780
Julie Schwartz-Karron
Florida Bar No. 014683
One East Broward Boulevard, Suite 1010
Fort Lauderdale, Florida 33301
Phone:  (954) 467-7900
Fax:      (954) 467-1024
E-mail: jschwartz@hinshawlaw.com
*Attorneys for Big Lots Stores, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2012, I electronically filed the foregoing **Answer and Affirmative Defenses** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Daniel Reinfeld, Esq. (dan@reinfeldlaw.com)

By:   /s/ Julie Schwartz-Karron
Julie Schwartz-Karron

18680685  0935007